T.C. Memo. 1999-300

UNITED STATES TAX COURT

GERALD Q. AND PATRICIA R. ASHBROOK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17659-97.                    Filed September 8, 1999.

<u>William M. Zehner</u>, for petitioners.

<u>T. Richard Sealy III</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  For the years in issue, respondent determined deficiencies in petitioners' Federal income taxes, additions to tax, and accuracy-related penalties as follows:

|      |            | Additions to Tax | Accuracy-Related Penalty |
|------|------------|------------------|--------------------------|
| Year | Deficiency | Sec. 6651(a)(1)  | Sec. 6662(a)             |
| 1991 | $ 4,916    | $ 733            | $ 983                    |
| 1992 | 11,546     | 2,408            | 1,549                    |
| 1993 | 14,698     | 3,675            | 2,940                    |
| 1994 | 4,850      | -0-              | 970                      |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions, the issues for decision are whether petitioners have substantiated claimed net operating losses (NOL's) for 1980 through 1990 to carry forward to 1991 through 1994 and whether petitioners are liable for accuracy-related penalties. All references to petitioner in the singular are to Gerald Q. Ashbrook.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time the petition was filed, petitioners resided in Corpus Christi, Texas.

In 1978, petitioner formed an accounting partnership with Patricia Brink.

Beginning in 1979, petitioner participated with petitioner's stepfather and mother (parents) and with H.T. and Holley Bailey (the Baileys), unrelated individuals, in a farm and ranch joint venture (the farm). The Baileys jointly held a 50-percent equity interest in the farm. Petitioner's parents jointly held a 25-percent equity interest in the farm, and petitioner held a 25-percent equity interest in the farm. Petitioner's parents

managed the farm and maintained the books and records relating to the farm.

In 1981, the Baileys transferred their 50-percent equity interest in the farm to petitioner and to petitioner's parents, and thereafter petitioner and his parents together owned 100 percent of the farm.

On June 15, 1982, petitioner transferred to his parents his interest in the farm.

In October 1982 and subsequent years, petitioner invested at least $17,000 in several oil and gas wells in Texas.

In 1986, petitioner terminated the accounting partnership with Patricia Brink and established an accounting partnership with Terry Hankins. In 1987, petitioner terminated the accounting partnership with Terry Hankins and established an accounting practice as a sole proprietor.

On April 29, 1988, petitioner filed in the U.S. Bankruptcy Court for the Southern District of Texas (Bankruptcy Court) a petition, case No. 88-00732, for relief under chapter 7 of the Bankruptcy Code. On September 1, 1988, the Bankruptcy Court issued an order discharging petitioner's then-existing dischargeable debts.

On July 2, 1990, a storage unit that petitioner rented was broken into, and petitioner's property was stolen therefrom. On a report of the theft filed with the rental storage company,

petitioner indicated that the only property stolen was a tool chest.

On May 29, 1991, petitioner's bankruptcy proceedings were closed.

On April 18, 1994, petitioners untimely filed their 1991 joint Federal income tax return.

On February 27, 1995, petitioners untimely filed their 1992 and 1993 joint Federal income tax returns.

On October 15, 1995, petitioners timely filed their 1994 joint Federal income tax return.

On their 1991 through 1994 joint Federal income tax returns, petitioners claimed NOL carryovers that purportedly originated primarily in 1987 and prior years as follows:

| Tax Return | NOL Carryovers Claimed |
|------------|------------------------|
| 1991 | $225,127 |
| 1992 | 174,729 |
| 1993 | 106,089 |
| 1994 | 31,784 |

On their 1991 through 1994 joint Federal income tax returns, after applying the above claimed NOL carryovers, petitioners' net taxable income or net losses were reflected as follows:

| Tax Return | Taxable Income or Loss |
|------------|------------------------|
| 1991 | ($186,017) |
| 1992 | (118,378) |
| 1993 | (36,484) |
| 1994 | 10,461 |

On audit, due to lack of substantiation, respondent disallowed petitioners' claimed NOL carryovers for 1991 through 1994, and respondent determined petitioners' joint taxable income and joint Federal income tax liability for 1991 through 1994 as follows:

| Year | Taxable Income | Tax Liability |
|------|----------------|---------------|
| 1991 | $32,758 | $ 4,916 |
| 1992 | 57,327 | 11,397 |
| 1993 | 69,605 | 14,698 |
| 1994 | 40,567 | 6,421 |

OPINION

In general, taxpayers are expected to maintain adequate records to substantiate claimed losses, and taxpayers bear the burden of proving that they are entitled to claimed losses. See sec. 6001; Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Respondent argues that petitioners have not substantiated the NOL carryovers claimed on their 1991 through 1994 joint Federal income tax returns. Alternatively under section 108(b), respondent argues that if the NOL carryovers are found to be substantiated, petitioners' discharge of indebtedness from the bankruptcy proceeding in 1988 would eliminate the NOL carryovers.

Petitioners assert that during 1980 through 1987 they incurred large losses from their farm and oil and gas exploration activities that generated the large claimed NOL carryovers

reflected on their 1991 through 1994 joint Federal income tax returns. Petitioners argue that through a reconstruction of their records they have adequately established and substantiated the claimed NOL carryovers. Petitioners also assert that under section 108 only a small portion of the claimed NOL carryovers would be eliminated.

With limited exceptions, petitioners' Federal income tax returns and records relating to 1980 through 1989 were not introduced into evidence. Petitioners' testimony is inconsistent and not credible. Based on the evidence, we hold that petitioners have not met their burden of substantiating the claimed NOL carryovers, and we sustain respondent's disallowance thereof.

Apparent copies of petitioners' Federal income tax returns for 1980, 1987, and 1988 are in evidence and show claimed NOL's. No further books and records or credible evidence, however, support the claimed NOL's.

Petitioners allege that copies of their income tax returns were stolen from their rental storage unit. Petitioners' report of the theft, however, did not indicate any loss of petitioners' income tax returns or records.

Petitioner testified that his mother had custody of records relating to the farm and to petitioners' oil and gas activities and that petitioners' reconstruction of their income tax returns

for 1980 through 1989 was based on these records. These alleged records, however, were not introduced into evidence.

In 1982, petitioner transferred his interest in the farm to his parents, and petitioners therefore would not have realized farm losses after 1982.

In summary, the credible evidence fails completely to substantiate the claimed NOL carryforwards.

With regard to the additions to tax, petitioners have conceded the additions to tax under section 6651(a)(1), and petitioners present no credible argument as to the accuracy-related penalties under section 6662(a). We sustain respondent's determination of the additions to tax and accuracy-related penalties.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.